Alan Chen (SBN 224420)
RIMÔN, P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: 213.677.0986
Emails: alan.chen@rimonlaw.com

Attorneys for Plaintiff
NINGBO FUTAI ELECTRIC LIMITED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – <u>EASTERN DIVISION</u>

| | |
|---|---|
| NINGBO FUTAI ELECTRIC LIMITED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>QVC, INC.,<br><br>　　　　Defendant. | Case No.: 5:22-cv-02015<br><br>**COMPLAINT FOR:**<br><br>**1. Patent Infringement of U.S. Patent No. 10,571,104**<br>**2. Patent Infringement of U.S. Patent No. D880,743**<br>**3. Patent Infringement of U.S. Patent No. D880,036**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff Ningbo Futai Electric Limited (hereinafter the "Plaintiff" or "Futai"), states the following as its complaint against Defendant QVC, Inc. (hereinafter the "Defendant" or "QVC") as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., including § 271. In particular, this is an action for patent infringement against QVC for infringing U.S. Patent No. 10,571,104 ("the '104 Patent"), U.S. Design Patent No. D880,743 ("the '743 Patent") and U.S. Design Patent No. D880,036 ("the 036 Patent"). A true and accurate copy of the '104 Patent is attached as Exhibit A. A true and accurate copy of the '743 Patent is attached as Exhibit B. A true and accurate copy of the '036 Patent is attached as Exhibit C.

## PARTIES

2. Plaintiff Futai is a company organized and existing under the laws of the People's Republic of China with a principal place of business located at No. 650 Qiming Road, Yinzhou Investment Zone, Yinzhou District, Ningbo P.R.C. 315104.

3. Founded in 1995, Futai is a designer, manufacturer and exporter of LED flashlights, LED work lights, LED headlamps, LED bulbs, LED ceiling lamps, etc, with over five hundred employees. Futai owns multiple patents in the United States and other jurisdictions for its lighting technologies and designs.

4. Upon information and belief, Defendant QVC is incorporated in the state of Delaware with its principal place of business at 1200 Wilson Drive, West Chester, PA 19380. In California, QVC has a place of business at least at its QVC Distribution Center, 853 QVC Way, Ontario, CA 91764.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq., including § 271.

6. This Court has personal jurisdiction over QVC at least because QVC has committed one or more of the infringing acts complained herein in California and in this district. On information and belief, QVC places infringing products in the stream of commerce with the knowledge, understanding, and expectation that such products will be sold and/or used in California and in this district. Plaintiffs are informed and believe, and on that basis allege, that QVC derives substantial revenue from the sale of infringing products in this judicial district, expects its actions to have consequences in this judicial district, and derives substantial revenue from its acts in interstate and international commerce. Thus, a substantial part of the events giving rise to QVC's claims occurred and continues to occur in this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, QVC resides in this district and has substantial, systematic, and continuous contacts with this judicial district. On information and belief, QVC has committed acts of infringement in this district and/or has purposefully transacted business involving the accused products in this district including by, among other things, selling, offering to sell, and/or importing products in this district either directly or through intermediaries.

## FACTUAL BACKGROUND

### The Patents

8. The '104 Patent, entitled "Portable Lamp and Manufacturing Method Thereof," issued on February 25, 2020. Futai has all right, title and interest in the '104 Patent, as well as the right to sue for, collect, and receive damages for past, present and future infringements of the '104 Patent. Futai has owned the '104 Patent at all times during QVC's infringement of the '104 Patent.

9. The '743 Patent, entitled "Work Light," issued on April 7, 2020. Futai has all right, title and interest in the '743 Patent, as well as the right to sue for, collect, and receive damages for past, present and future infringements of the '743 Patent. Futai has owned the '743 Patent at all times during QVC's infringement of

the '743 Patent.

10. The '036 Patent, entitled "Working Lamp," issued on March 31, 2020. Futai has all right, title and interest in the '036 Patent, as well as the right to sue for, collect, and receive damages for past, present and future infringements of the '036 Patent. Futai has owned the '036 Patent at all times during QVC's infringement of the '036 Patent.

## Correspondence Between The Parties

11. On July 21, 2022, Futai informed QVC of its infringement of the claims of the '104 Patent, the '743 Patent and the '036 Patent through its sales of Bell & Howell Work Light 360 Portable Folding Lights (hereinafter "the 360 Light") and Bell & Howell Portable Work Lights (hereinafter "the Work Light"). Futai demanded that QVC immediately remove any information relating to the sale of the 360 Light and the Work Light from its sales portals and provide all accounting information regarding sales to date through QVC of these products. A true and correct copy of Futai's July 18, 2022 letter informing QVC of QVC's infringement is attached at Exhibit D.

12. On August 15, 2022, Futai informed QVC that a follow-up investigation had been conducted and that, notwithstanding Futai's notice and demand, QVC continued to market the infringing 360 Light and the Work Light. A true and correct copy of Futai's August 15, 2022 letter informing QVC of QVC's infringement is attached at Exhibit E.

13. On August 16, 2022, a renewed search indicated that QVC had suspended sale of the 360 Light and the Work Light. However, on August 17, 2022, QVC informed Futai that it would not cooperate with Futai's request for accounting information regarding sales, notwithstanding that QVC had been a direct distribution channel for these infringing goods. A true and correct copy of QVC's August 17, 2022 email informing Futai of QVC's non-cooperation, and including the preceding email string, is attached at Exhibit F.

**Infringement of The '104 Patent**

14. Claim 1 of the '104 Patent reads as follows:

> A portable lamp, comprising: a handle means comprising at least one handle body having two end portions and a turning space defined between said two end portions; and at least one lighting device which is rotatably mounted between said two end portions of said at least one handle body and selectively arranged to be maintained within said turning space of said at least one handle body as a folded state and to rotate with respect to said at least one handle body to define an included angle between said at least one lighting device and said at least one handle body as an unfolded state.

15. As can be seen in the images in the attached claim chart for the 360 Light, a true and correct copy of which is attached at Exhibit G, the 360 Light meets all limitations of at least Claim 1 of the '104 Patent.

16. In addition, the 360 Work Light meets the limitations of at least dependent Claims 2-5 of the '104 Patent (see Exhibit G).

17. As can be seen in the images in the attached claim chart for the Work Light, a true and correct copy of which is attached at Exhibit H, the Work Light meets all limitations of at least Claim 1 of the '104 Patent.

**Infringement of The '743 Patent**

18. In the eye of an ordinary observer familiar with the relevant prior art, giving such attention as a purchaser usually gives, the claimed design of the '743 Patent and the 360 Light are substantially the same, such that the ordinary observer would be deceived into believing that the design of the 360 Light is the same as the design claimed in the '743 Patent. The figures in the attached chart for the '743 Patent, a true and correct copy of which is attached at Exhibit I, illustrate the 360 Light's infringement by comparing figures of the '743 Patent with images of the 360 Light.

**Infringement of The '036 Patent**

19. In the eye of an ordinary observer familiar with the relevant prior art, giving such attention as a purchaser usually gives, the claimed design of the '036

Patent and the Work Light are substantially the same, such that the ordinary observer would be deceived into believing that the design of the Work Light is the same as the design claimed in the '036 Patent. The figures in the attached chart for the '036 Patent, a true and correct copy of which is attached at Exhibit J, illustrate the Work Light's infringement by comparing figures of the '036 Patent with images of the Work Light.

## COUNT I

### PATENT INFRINGEMENT, The '104 Patent

20. Futai re-alleges and incorporates by reference paragraphs 1 – 19 above.

21. Futai is informed and believes, and on that basis alleges, that QVC has infringed at least Claims 1-5 of the '104 Patent, in violation of 35 U.S.C. § 271.

22. QVC has infringed literally and/or under the doctrine of equivalents by, among other things, offering for sale, selling and/or importing within this judicial district and elsewhere in the United States, without license or authority, the 360 Light and the Work Light, which are products falling within the scope of Claims 1-5 of the '104 Patent.

23. As a result of QVC's infringement of the '104 Patent, Futai has been irreparably injured. Unless such infringing acts are enjoined by this Court, Futai will continue to suffer additional irreparable injury.

24. QVC's acts of infringement have caused damage to Futai in an amount to be proven at trial. As a consequence of QVC's infringement, Futai is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

## COUNT II

### PATENT INFRINGEMENT, The '743 Patent

25. Futai re-alleges and incorporates by reference paragraphs 1 – 19 above.

26. Futai is informed and believes, and on that basis alleges, that QVC has infringed the claims of the '743 Patent, in violation of 35 U.S.C. § 271.

27. QVC has been directly infringing the '743 Patent by selling, offering and exposing for sale the 360 Light, which are items of manufacture in which the patented design of the '743 Patent or a colorable imitation thereof has been applied.

28. As a result of QVC's infringement of the '743 Patent, Futai has been irreparably injured. Unless such infringing acts are enjoined by this Court, Futai will continue to suffer additional irreparable injury.

29. QVC's acts of infringement have caused damage to Futai in an amount to be proven at trial. As a consequence of QVC's infringement, Futai is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

## COUNT III

## PATENT INFRINGEMENT, The '036 Patent

30. Futai re-alleges and incorporates by reference the allegations contained in paragraphs 1 – 19 above.

31. Futai is informed and believes, and on that basis alleges, that QVC has infringed the claims of the '036 Patent, in violation of 35 U.S.C. § 271.

32. QVC has been directly infringing the '036 Patent by selling, offering and exposing for sale the Work Light, which is an item of manufacture in which the patented design of the '036 Patent or a colorable imitation thereof has been applied.

33. As a result of QVC's infringement of the '036 Patent, Futai has been irreparably injured. Unless such infringing acts are enjoined by this Court, Futai will continue to suffer additional irreparable injury.

34. QVC's acts of infringement have caused damage to Futai in an amount to be proven at trial. As a consequence of QVC's infringement, Futai is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Futai prays for judgment in its favor and against

Defendant QVC as follows:

1. For a declaration that QVC has infringed the '104 Patent;

2. That QVC and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the '104 Patent;

3. For damages adequate to compensate Futai for QVC's infringement of the '104 Patent, but in no event less than a reasonable royalty for the use made of the inventions, together with interest and costs under 35 U.S.C. § 284;

4. For an order and judgment permanently enjoining QVC and all persons and entities acting in concert with QVC, from infringing the '104 Patent;

5. For a declaration that QVC has infringed the '743 Patent;

6. That QVC and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the '743 Patent;

7. For damages adequate to compensate Futai for QVC's infringement of the '743 Patent, but in no event less than a reasonable royalty for the use made of the inventions, together with interest and costs under 35 U.S.C. § 284;

8. For an order and judgment permanently enjoining QVC and all persons and entities acting in concert with QVC, from infringing the '743 Patent;

9. For a declaration that QVC has infringed the '036 Patent;

10. That QVC and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, be enjoined from infringing, inducing others to infringe

or contributing to the infringement of the '036 Patent;

11. For damages adequate to compensate Futai for QVC's infringement of the '036 Patent, but in no event less than a reasonable royalty for the use made of the inventions, together with interest and costs under 35 U.S.C. § 284;

12. For an order and judgment permanently enjoining QVC and all persons and entities acting in concert with QVC, from infringing the '036 Patent;

13. For a determination that QVC's infringement has been wilful, wanton, and deliberate and that the damages against it be increased three times on this basis;

5. For an award of pre- and post-judgment interest on the damages assessed;

7. For an order providing an accounting of all sales and profits made by QVC in connection with the 360 Light and the Work Light;

8. For a determination that this is an exceptional case under 35 U.S.C. § 285 and that an award of attorneys' fees and costs to Futai is warranted in this action;

9. For entry of judgment against QVC and in favor of Futai in all respects; and

10. For such other relief as the Court may deem just and proper.

Dated: November 14, 2022          RIMÔN, P.C.

By: /s/ Alan Chen
Alan Chen
John Murray (will apply *Pro Hac Vice*)
Attorney for Plaintiff
Ningbo Futai Electric Limited

RIMÔN, P.C.
A Professional Corporation
Los Angeles

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Futai hereby demands a rial by jury on all issues so triable of right by a jury raised in this Complaint.

Dated: November 14, 2022                    RIMÔN, P.C.

By:  /s/ Alan Chen
     Alan Chen
     John Murray (will apply *Pro Hac Vice*)

     Attorney for Plaintiff
     Ningbo Futai Electric Limited