John K. Rubiner (155208)
JRubiner@fmglaw.com
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, Suite 2200
Los Angeles, CA 90071-2631
Tel. (213) 615-7000
Fax. (213) 615-7100

John Zaccaria (NYS Bar No. 2659241)
*(Admitted Pro Hac Vice)*
john.zaccaria@notaromichalos.com
Brian Doyle (NYS Bar No. 4597449)
*(Admitted Pro Hac Vice)*
brian.doyle@notaromichalos.com
NOTARO, MICHALOS & ZACCARIA P.C.
100 Dutch Hill Road, Suite 240
Orangeburg, NY 10962
Tel. (845) 359-7700
Fax. (845) 359-7798

Attorneys for Defendant QVC, INC.

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – <u>EASTERN DIVISION</u>

| | |
|---|---|
| NINGBO FUTAI ELECTRIC LIMITED,<br><br>               Plaintiff,<br><br>v.<br><br>QVC, INC.,<br><br>               Defendant. | Case No: 5:22-cv-02015-MCS-RAO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QVC, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: April 17, 2023<br>Time: 9:00 am<br>Judge: The Hon. Mark C. Scarsi |

1
2

# **TABLE OF CONTENTS**

I.     INTRODUCTION .................................................................................1

II.    BACKGROUND ..................................................................................2

III.   LEGAL STANDARDS .......................................................................2

    A.    Plausibility Pleading Standard ..............................................2

    B.    Design Patent Infringement...................................................3

         1. Claim Construction ........................................................4

         2. Ordinary Observer Test..................................................4

    C.    Motions to Dismiss Design Patents and Judicial Notice ...................6

IV.   ARGUMENT ......................................................................................8

    A.    Work Light Express Does Not Infringe the D'036 Patent..................9

         1. The Overall Design of Work Light Express is Substantially Different from D'036 Design............................................9

         2. When Viewed in the Context of the Prior Art, the Work Light Express Does Not Infringe the D'036 Design. ..................14

    B.    The Work Light 360 Does Not Infringe the D'743 Patent. ..............19

         1. The Overall Design of Work Light Express is Substantially Different from D'036 Design............................................19

         2. When Viewed Against the Prior Art, the Differences Between the Work  Light 360 Does D'743 Design Are Even More Significant. .............................................................23

V.    CONCLUSION...................................................................25

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**Federal Cases**

*Anderson v. Kimberly-Clark Corp.*,
    2013 WL 9760040 (W.D. Wash. 2013) *aff'd,* 570 Fed. Appx. 927 (Fed. Cir.
    2014) and *cert. denied,* 136 S. Ct. 142 (2015) ………..………...2, 3, 7, 15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)………………………………………...………….3

*Bell Atl. Corp. v. Twombly*, 5
    50 U.S. 544 (2007)………………………………………….………..2

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*,
    295 F.3d 1277 (Fed. Cir. 2002)………………………….……………….4

*Coinstar, Inc. v. Coinbank Automated Sys., Inc.*,
    998 F. Supp. 1109 (N.D. Cal. 1998)……………………....…………7, 15

*Colida v. Nokia, Inc.*,
    347 Fed.Appx. 568 (Fed.Cir.2009)…………………………………….3

*Competitive Edge, Inc. v. Staples, Inc.*,
    763 F. Supp. 2d 997 (N.D. Ill. 2010)………………….……………….5

*Curver Luxembourg, SARL v. Home Expressions Inc.*,
    938 F.3d 1334 (Fed. Cir. 2019)…………………………………….3

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
    543 F.3d 665 (Fed. Cir. 2008)…………………………4, 5, 6, 15, 17, 18, 24

*GeoVector Corp. v. Samsung Elecs. Co.*,
    234 F. Supp. 3d 1009 (N.D. Cal. 2017)……………………...…7, 15

*Gorham Co. v. White*,
    81 U.S. 511 (1871)……………………………………………….4, 5

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

*Great Neck Saw Mfrs., Inc. v. Star Asia, U.S.A., LLC,*
727 F. Supp. 2d 1038 (W.D. Wash. 2010)………………………...…….....14

*Hoganas AB v. Dresser Indus., Inc.,*
9 F.3d 948 (Fed. Cir. 1993)…………………….………………..……….7

*In re Beasley,*
117 Fed. Appx. 739 (Fed. Cir. 2004)…………………………………….8

*In re Blum,*
374 F.2d 904 (C.C.P.A. 1967)……………………………………………8

*In re Mann,*
861 F.2d 1581 (Fed. Cir. 1988)………………………………………….8

*In re Zahn,*
617 F.2d 261 (C.C.P.A. 1980)…………………………………………..9

*L.A. Gear v. Thom McAn Shoe Co.,*
988 F.2d 1117 (Fed. Cir. 1993)………………………….……………….5

*Massachusetts v. Westcott,*
431 U.S. 322 (1977)……………………….……………………………7

*McGlinchy v. Shell Chem. Co.,*
845 F.2d 803 (9th Cir. 1988)…………………………………...……....2

*National Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.,*
264 F. Supp. 2d. 631 (N.D. Ill. 2003)………………..…………………8

*NuVasive, Inc. v. Alphatec Holdings, Inc.,*
2018 WL 2734881 (S.D. Cal. 2018)…………………………………….3

*OddzOn Prods., Inc. v. Just Toys, Inc.,*
122 F.3d 1396 (Fed. Cir. 1997)…………………………………….3, 4, 6

*Parker v. Kimberly-Clark Corp.,*
2012 WL 74855 (N.D. Ill. 2012)…………………………………………7

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

*Pepitone v. Am. Standard, Inc.*,
    983 F.2d 1087 (Fed. Cir. 1992) …………………...……………..…………7

*Performance Designed Prod. LLC v. Mad Catz, Inc.*,
    2016 WL 3552063 (S.D. Cal. 2016)……………………………………3, 7

*Rockport Company, Inc. v. Deer Stags, Inc.*,
    65 F. Supp. 2d 189 (S.D. N.Y. 1999)...................……………………4

*SCG Characters LLC v. Telebrands Corp.*,
    2015 WL 4624200 (C.D. Cal. 2015)……………………………………3

*Seirus Innovative Accessories, Inc. v. Cabela's, Inc.*,
    827 F. Supp. 2d 1150 (S.D. Cal. 2011)…………………………………..18

*Silverman v. Leombruni*,
    2016 WL 715735 (S.D. N.Y. 2016)……………………………………..5

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007)…………………………...……………...…7

*Wing Shing Products (BVI) Co. Ltd. v. Sunbeam Products, Inc.*,
    665 F.Supp.2d 357 (S.D. N.Y. 2009)…………………………………….4

*Zidell v. Dexter*,
    262 F. 145 (9th Cir. 1920)……………………...……………………..…6


**Federal Statutes**

35 U.S.C. § 102(a)(2)………………………………………………………24

35 U.S.C. § 271…………………………………………………………….4

35 U.S.C. § 289……………………………………………………………4

37 CFR § 1.152…………………………………………………………….8

37 CFR § 1.153(a)…………………………………………………………9

**Rules**

Fed. R. Civ. P. 12(b)(6) …………………………………….………………6, 7

Fed. R. Civ. P. 12(c) ………………………………………….………………2

Fed. R. Civ. P. 12(h)(2)(B) ……………………………………………...…2

Fed. R. Evid. 201(b)(2)……………………………………………………..7

**Other Authorities**

Manual for Patent Examining Procedure 1503.02……………………….…8, 9

Manual for Patent Examining Procedure 2152.01………………………….24

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

Defendant QVC, Inc. ("QVC") respectfully moves the Court, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings with respect to Count II for infringement of U.S. Design No. D880,743 (the "D'743 Patent") and Count III for infringement of U.S. Design No. D880,036 (the "D'036 Patent") of the Complaint filed by Plaintiff Ningbo Futai Electric Limited ("Futai" or "Plaintiff").

## I.     INTRODUCTION

Two design patents are asserted in this case.  Design patent claims are resolved by judgment on the pleadings where a court cannot reasonably infer that an ordinary observer would confuse the patented design with the accused product, such as where the accused product is "plainly dissimilar" to the patented design. This is such a case.

Design patents are narrow in scope and limited to the ornamental, non-functional features in the patent's drawings.  A design patent is infringed only if the accused product appears "substantially the same" as the patented design.  This means that an ordinary observer, familiar with the prior art, would be deceived into thinking the accused design is the same as the patented design. The Complaint does not allege facts that meet this standard because an ordinary observer would find that the accused products are substantially dissimilar from the patented designs.  Since this dissimilarity is apparent from a side-by-side comparison of the designs, amending the Complaint would not overcome the deficient pleading.  Thus, leave to amend Futai's design patent claims would be futile, and judgment on the pleadings is appropriate.

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

## II.   BACKGROUND

QVC sells a variety of consumer products via video shopping experiences in various media.  Two products that QVC has presented to its audience are the "Work Light 360" and the "Work Light Express" (collectively, "Accused Products").

Futai claims to own U.S. Design Patent No. D880,036 ("the D'036 Patent") entitled "Working Lamp" and U.S. Design Patent No. D880,743 ("the D'743 Patent") entitled "Work Light."

Futai alleges that the Work Light Express infringes the D'036 Patent and that the Work Light 360 infringes the D'743 Patent.

## III.   LEGAL STANDARDS

### A.   Plausibility Pleading Standard

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c).  A Rule 12(c) motion may be based on the Plaintiff's failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(h)(2)(B).  A motion under Rule 12(c) "faces the same test as a motion under Rule 12(b)(6)." *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 932 (Fed. Cir. 2014) (*citing McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988)).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts have frequently granted motions to dismiss implausible design patent claims. *See, e.g.*, *Curver Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1336–37 (Fed. Cir. 2019) (affirming dismissal for failure to state a claim of design patent infringement); *Anderson*, 570 F. App'x at 934 (same); *Colida v. Nokia, Inc.*, 347 Fed.Appx. 568, 570 (Fed.Cir.2009) (same); *SCG Characters LLC v. Telebrands Corp.*, No. 15-CV-00374 DDP (AGRs), 2015 WL 4624200, at *1–2 (C.D. Cal. Aug. 3, 2015) (granting motion to dismiss design patent claim); *Performance Designed Prod. LLC v. Mad Catz, Inc.*, No. 16-CV-629-GPC(RBB), 2016 WL 3552063, at *1 (S.D. Cal. June 29, 2016) (same); *NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18-CV-347-CAB-MDD, 2018 WL 2734881, at *3 (S.D. Cal. May 14, 2018) (same).

Where a motion to dismiss is granted, leave to amend should be denied where amendment could not possibly cure the deficiency in the complaint. *See Performance Designed Prod. LLC,* 2016 WL 3552063, at *1–2.

## B.   Design Patent Infringement

A design patent protects the ornamental features of a design as shown in the patent. *See OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997).

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

Infringement of a design patent is the unauthorized manufacture, use, offer to sell, sale or importation of the article embodying a patented design or any colorable imitation thereof.  35 U.S.C. §§ 271, 289.  "[D]etermining whether a design patent is infringed is a two-step process. First, the court must construe the design patent's claim." *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1286 (Fed. Cir. 2002).  Second, the Court compares the claim construction with the accused design to determine whether they are "substantially the same." *OddzOn Prods., Inc.*, 122 F.3d at 1405 (*quoting Gorham Co. v. White*, 81 U.S. (14 Wall) 511, 528 (1871)).

1.      **Claim Construction**

The preferred claim construction for design patents is the patent figures themselves rather than a detailed verbal description of the claimed design. *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 679 (Fed. Cir. 2008)

Accordingly, courts generally rely on patent drawings to construe design claims. *See Wing Shing Products (BVI) Co. Ltd. v. Sunbeam Products, Inc.*, 665 F. Supp.2d 357, 360 (S.D.N.Y. 2009) (collecting cases).

2.      **Ordinary Observer Test**

The second step in determining whether a design patent is infringed requires the fact-finder to "compare the patented and accused designs to determine whether the accused design is substantially similar in appearance to the patented design." *Rockport Company, Inc. v. Deer Stags, Inc.,* 65 F. Supp. 2d 189, 193 (S.D. N.Y.

1999). In making that determination, courts apply the "ordinary observer" test:

> [I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Egyptian Goddess,* 543 F.3d at 670 (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)); *see also L.A. Gear v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1124 (Fed. Cir. 1993).

"Ordinary observers" are those people having "ordinary acuteness, bringing to the examination of the article upon which the design has been placed that degree of observation which men of ordinary intelligence give." *Gorham Co.,* 81 U.S. at 528. "A district judge is an ordinary observer, and courts may therefore conduct the ordinary-observer test without referring to some hypothetical ordinary observer." *Silverman v. Leombruni,* No. 15 CIV. 2260 (PAC), 2016 WL 715735, at *2 (S.D.N.Y. Feb. 19, 2016) (dismissing design patent claim under Fed. R. Civ. P. 12(b)(6)).

The ordinary observer test requires a side-by-side comparison of the figures of the design patent and the images of the accused article to assess whether the designs, "taken as a whole, create overall visual impressions" that are substantially the same. *See Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1011 (N.D. Ill. 2010) (*citing OddzOn Prods.*, 122 F.3d at 1405). The overall impression

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

is the key; there can be no infringement based on the similarity of specific features if the overall appearance of the designs is dissimilar. *OddzOn Prods.*, 122 F.3d at 1405.

Under the ordinary observer standard, moreover, a patented design that consists "only of bringing together old elements with slight modifications of form" is not infringed by "another who uses the same elements with his own variations of form . . . if his design is distinguishable by the ordinary observer from the patented design." *Egyptian Goddess*, 543 F.3d at 674 (*citing Zidell v. Dexter*, 262 F. 145, 146 (9th Cir. 1920).

Accordingly, design patent cases are effectively divided into two categories under the ordinary observer test.  In some instances, the claimed design and the accused design are sufficiently distinct such that it is clear without more that the two designs are not "substantially the same;" in other instances, when the claimed and accused designs are not plainly dissimilar, resolution of the question of whether the two designs are substantially the same would benefit from a comparison of the claimed and accused designs with the prior art. *Egyptian Goddess*, 543 F.3d at 678.

## C.    Motions to Dismiss Design Patents and Judicial Notice

While a motion under Fed. R. Civ. P. 12(b)(6) generally is limited to the pleadings, courts may rely on documents outside the pleadings if they are subject to judicial notice. *See, e.g., Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007);

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QVC, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS IN CASE NO. 5:22-cv-02015-MSC-RAO

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

*Performance Designed Prods. v. Mad Catz, Inc.*, No. 16-cv-629-GPC (RBB), 2016 WL 3552063, at *4 n.2 (S.D. Cal. June 29, 2016) (allowing use of design patent attached to the complaint and authentic photographs of the accused product). This rule prevents plaintiffs from surviving a Rule 12(b)(6) motion by omitting references to documents upon which their claims are based. *Swartz*, 476 F.3d at 763; *see also Anderson v. Kimberly-Clark Corp.*, No. C12-1979RAJ, 2013 WL 9760040, at *1-*2 (W.D. Wash. Sept. 25, 2013) aff'd, 570 Fed. Appx. 927 (Fed. Cir. 2014) and cert. denied, 136 S. Ct. 142 (2015) (photographs of accused products considered on motion to dismiss patent claim as they are central to plaintiffs' allegations); *Parker v. Kimberly-Clark Corp.*, No. 11 C 5658, 2012 WL 74855 at *1 (N.D. Ill. Jan. 10, 2012) (same); *Pepitone v. Am. Standard, Inc.*, 983 F.2d 1087, n.1 (Fed. Cir. 1992) (taking judicial notice of prior art to dismiss design patent infringement claim); *Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954, n.27 (Fed. Cir. 1993) (considering prior patents because patents are amenable to judicial notice).

Accordingly, courts may take judicial notice of U.S. patents, foreign patents, and certified translations of foreign patents.  *See Coinstar, Inc. v. Coinbank Automated Sys., Inc.*, 998 F. Supp. 1109, 1114 (N.D. Cal. 1998) (taking judicial notice of U.S. patents); *GeoVector Corp. v. Samsung Elecs. Co.*, 234 F. Supp. 3d 1009, 1016 (N.D. Cal. 2017) (taking judicial notice of Korean patent and certified translation); *see also* Fed. R. Evid. 201(b)(2); *Massachusetts v. Westcott*, 431 U.S. 322, 323 n. 2 (1977) (public records "may be judicially noticed").

IV.   **ARGUMENT**

The claims of the D'036 Patent and D'743 Patent are limited to the ornamental designs shown in the figures of the respective patents.  *See In re Mann,* 861 F.2d 1581, 1582 (Fed. Cir. 1988) ("Design patents have almost no scope"); *National Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.,* 264 F. Supp. 2d. 631, 639 (N.D. Ill. 2003) ("The Federal Circuit has held that design patents have a narrow scope, limited to what is shown in the drawings accompanying the patent application."); *see* 37 C.F.R. § 1.152 ("[t]he design must be represented by a drawing ...").  Everything shown in solid lines in the figures of the asserted design patents is part of the claimed design.  As set forth in the *Manual of Patent Examining Procedure* ("MPEP"),[1] in a design drawing, "[t]he ornamental design which is being claimed *must be shown in solid lines* in the drawing.  There are no portions of a claimed design which are immaterial or unimportant."  MPEP § 1503.02, ¶ 15.50 (citing *In re Blum,* 374 F.2d 904, 907 (C.C.P.A. 1967)) (emphasis added).

Structure that is not part of the claimed design, but is considered necessary to show the environment in which the design is associated, may be represented in

---

[1] The MPEP "is commonly relied upon by patent examiners on procedural matters. While the MPEP does not have the force of law, it is entitled to judicial notice as an official interpretation of statutes or regulations as long as it is not in conflict therewith." *In re Beasley*, 117 Fed. Appx. 739, 744 n.7 (Fed. Cir. 2004) (citations omitted).

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

the drawing by broken lines.  *In re Zahn*, 617 F.2d 261 (C.C.P.A. 1980); MPEP § 1503.02.  This includes any portion of an article in which the design is embodied or applied to that is not considered part of the claimed design.

### A.    Work Light Express Does Not Infringe the D'036 Patent.

The claim articulated in the D'036 Patent is illustrated by figures that pertain to two embodiments constituting one claim.  *See* 37 C.F.R. § 1.153(a) ("More than one claim [in a design patent] is neither required nor permitted.").  There are no broken lines in the drawings of the D'036 Patent.  *See* Dkt. 1-3, Figs. 1-20.

### 1.  The Overall Design of Work Light Express is Substantially Different from D'036 Design.

The claimed design and the accused Work Light Express are so plainly dissimilar that, even without considering the prior art, no reasonable fact finder could conclude that they appear "substantially the same" to an ordinary observer.

The D'036 design and the Work Light Express have at least the following substantial differences in the appearances of their bumpers and front sides of their housing:

| D'036 Design | Work Light Express |
|---|---|
| (1) Bumpers have **three sided angled corners**. | (1) Bumpers have **rounded corners**. |
| (2) Pattern of **18 channels** along edge | (2) Pattern of **15 channels** along edge |

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QVC, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS IN CASE NO. 5:22-cv-02015-MSC-RAO

| D'036 Design | Work Light Express |
|---|---|
| of bumpers, and **no curved channel** at each corner. | of bumpers, and a **curved channel** at each corner. |
| (3) Bumpers have a **concave** outer edge, and a **straight inner edge**. | (3) Bumpers have a **straight (not concave)** outer edge, and an **elongated protrusion** along the inner edge. |
| (4) Frame with **faceted, protruding corners** surrounds light. | (4) Frame with **rounded corners** surrounds light, with screw head at each corner. |
| (5) Area between opposite bumpers is relatively flat, i.e., **no holes or recesses around frame**. | (5) Horizontal **parallel ridges** extend across the area between the bumpers and frame. |
| (6) Top and bottom edges (between bumpers) of housing slant inward toward a flat recess, i.e., there are **sloped edges** along the top and bottom. | (6) Top and bottom edges are straight between the bumpers (no slanted edge); i.e., there is a **straight profile** between the bumpers. |

The foregoing differences are seen in the following side-by-side comparison of the D'036 design and the Work Light Express found in the pleadings:[2]

---

[2] Throughout this paper, the red and blue text beside images of the claimed and accused designs has been added to identify the differences between the designs.

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles



**D'036 Patent** [Fig. 9]                              **Work Light Express**

Dkt. 1-10, Complaint Exh. J.

As noted above, the D'036 has two embodiments; the first one is shown in Figures 1 through 10 and the second one is shown in Figures 11 through 20.   As shown below, the second embodiment of the D'036 design differs from the Work Light Express in the same ways as the first embodiment, with an additional difference being that the bumpers of the second embodiment cover only the corners, not the entire side edge:



bumpers do not cover the side edges

bumpers extend along entire side edges

**D'036 Patent** [Fig. 19]                    **Work Light Express**

Dkt. 1-3, Complaint Exh. C.                Dkt. 1-10, Complaint Exh. J.

Furthermore, D'036 design (both embodiments) and the Work Light Express have at least the following differences in appearance with respect to their handles and rear sides of their housing:

| **D'036 Design** | **Work Light Express** |
|---|---|
| (7) Handle has **corner bumpers** with ridges and depressions which match the corner bumpers on the D'036 light housing. | (7) Handle has **no bumpers**. |
| (8) Handle has a **flat inner surface**. | (8) Handle has a **scalloped inner surface** or finger sized curvatures. |

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

| D'036 Design | Work Light Express |
|---|---|
| (9) Handle has three sided **angled corners**. | (9) Handle has **rounded corners**. |
| (10) The power button is located either along the upper edge of the back of the light module (Fig. 2) or approximately halfway between the middle and outer left edge of the light module (Fig. 12). | (10) **Power button at the center of the side edge**. |
| (11) Light module has **only one circular feature near each corner**. | (11) Light module has a circular **magnet** and a circular **screw** hole near each corner. |

The foregoing differences are shown in the following side-by-side comparison:



MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QVC, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS IN CASE NO. 5:22-cv-02015-MSC-RAO

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

Dkt. 1-3, Complaint Exh. C,           Dkt. 1-8, Complaint Exh. H at 3.
  Fig. 10.

As seen below, when viewed from behind, the second embodiment of the

D'036 design differs from the Work Light Express in the same ways as the first

embodiment, with additional differences regarding the location of the power button

and the lid over the battery compartment:



Dkt. 1-3, Complaint Exh. C,           Dkt. 1-8, Complaint Exh. H at 3.
  Fig. 20.

### 2.   When Viewed in the Context of the Prior Art, the Work Light Express Does Not Infringe the D'036 Design.

As the overall appearance of the Work Light Express is "plainly dissimilar"

from the D'036 Design, the prior art need not be considered.  *See Great Neck Saw*

*Mfrs., Inc. v. Star Asia, U.S.A., LLC,* 727 F. Supp. 2d 1038, 1051-52 (W.D. Wash.

2010).  However, an analysis of the prior art further demonstrates that an ordinary

observer familiar with such prior art would not believe that the Work Light Express is the same as the D'036 design.

When the prior art is used as a "frame of reference," *Egyptian Goddess*, 543 F.3d at 677, the overall visual impression made by the Work Light Express is dominated by the shape of the bumpers, the pattern of ridges and depressions on the bumper, and the frame surrounding the central LED. The ordinary observer, informed by the prior art,[3] upon examining the Work Light Express will immediately see that the Work Light Express design differs from the D'036 design and that Work Light Express includes features not found in the patented design, and includes many features that are similar to prior art designs, not the patented design.

For example, the ordinary observer would see that the Work Light Express, as seen in the photographic images below,[4] is more like the following Korean prior

---

[3] The prior art references discussed herein are submitted herewith in Exhibit C, Exhibit D, and Exhibit E. Courts may take judicial notice of publicly available prior art references, and certified translations of these references, in deciding a motion to dismiss. *See Pepitone*, 983 F.2d at n.1; *Hoganas*, 9 F.3d at 954, n.27; *Coinstar*, 998 F. Supp. at 1114; *GeoVector*, 234 F. Supp. 3d at 1016. Defendant respectfully requests that the Court take judicial notice of the prior art references in Exhibit C, Exhibit D, and Exhibit E.

[4] Photographic images of the Work Light Express are submitted herewith in Exhibit A to the Declaration of Brian J. Doyle. Courts may take judicial notice of photographs of accused products. *See Anderson*, 2013 WL 9760040, at *2 (taking judicial notice of photographs of accused products and dismissing design patent claims). Defendant respectfully requests that the Court take judicial notice of the photographic images in Exhibit A.

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

art reference than the D'036 design:

| **D'036 Design** | **Work Light Express** | **Korea Registered Design No. 30-0948744** |
|---|---|---|
| (Dkt. 1-3, Figs. 1, 7) | (Exhibit A) | (Exhibit C) |

  

  

The striking similarities between the Work Light Express and the Korean prior art reference above include the shape of the bumpers, the pattern of channels and holes on the bumpers, the parallel ridges that extend across the area between the bumpers and frame, and the shape of the frame around the central light.

Similarly, the Work Light Express is also more like the following EU registered design than the D'036 design:

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

| **D'036 Design**<br><br>(Dkt. 1-3, Fig. 1) | **Work Light Express**<br><br>(Exhibit A) | **EU Registered Community Design No. 004559524-0003**<br>(Exhibit D) |
|:---:|:---:|:---:|
|  |  |  |

Furthermore, "when the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer." *Egyptian Goddess*, 543 F.3d at 676. Here, as seen in the table below, the claimed D'036 design is remarkably similar to prior art such as U.S. Design Patent D877,948. Thus, the differences between the Work Light Express and the D'036 design that are identified above are likely to be important to the ordinary observer.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QVC, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS IN CASE NO. 5:22-cv-02015-MSC-RAO

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

| **D'036 Design** | **U.S. Design Patent D877,948** |
|---|---|
| (Dkt. 1-3, Figs. 11,20) | (Exhibit E) |

 

 

In view of the prior art, the Work Light Express cannot infringe the D'036 Patent. *See Egyptian Goddess*, 543 F.3d at 682 (no infringement where accused design more similar to prior art than to patented design); *Seirus Innovative Accessories, Inc. v. Cabela's, Inc.*, 827 F. Supp. 2d 1150, 1156 (S.D. Cal. 2011) (finding no design patent infringement in light of similarities between prior art and

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FREEMAN MATHIS & GARY, LLP

A Professional Corporation

Los Angeles

accused product).

Thus, in view of the overall difference between the D'036 design and the Work Light Express, it is implausible that an ordinary observer, especially one informed by the prior art, would be deceived into thinking that the  Work Light Express is same as the D'036 design.

**B.      The Work Light 360 Does Not Infringe the D'743 Patent.**

       **1.  The Overall Design of Work Light Express is Substantially Different from D'036 Design.**

The D'743 design and the accused Work Light 360 are so plainly dissimilar that, even without considering the prior art, no reasonable fact finder could conclude that they appear "substantially the same" to an ordinary observer.

Substantial differences between the claimed design and the Work Light 360 are evident from the following images in the pleadings.  For example, the handle of the claimed design and the handle of the Work Light 360 substantially differ in the following ways:

| D'743 Design | Work Light 360 |
|---|---|
| (1) **Short bumpers wrap fully around the corner** of the handles but do not extend over the length of the handle bar. | (1) **Long grips wrap partially around the corners** of the handles and extend over the length of the handle bar. |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QVC, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS IN CASE NO. 5:22-cv-02015-MSC-RAO

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

| **D'743 Design** | **Work Light 360** |
|---|---|
| (2) Sharply **angled corners** between the handle bar and handle arms. | (2) **Curved corners** between the handle bar and handle arms. |
| (3) Handle bar has a **flat bottom edge**, and no rectangular groove or holes. | (3) Grip on handle bar has a **scalloped bottom edge**, a rectangular groove, and two rectangular holes. |
| (4) Handle includes a series of **u-shaped channels** that extend from its outer surface to its sides along its entire length, except at the corners of the handle. | (4) The handle bar has **shallow notches** that do not extend into its side. The handle arms do not have any U-shaped channels. |

These differences are illustrated in the following images:



FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

| D'743 Design | Work Light 360 |
|---|---|

Dkt. 1-9, Complaint Exh. I.

The light housing of the claimed design and the light housing of the Work Light 360 also differ substantially in the following ways:

| D'743 Design | Work Light 360 |
|---|---|
| (5) Symmetrical, **raised bumpers** with sharply **angled corners**, a **wide recess**, and **no screws**. | (5) Asymmetrical, **flush bumpers** with **rounded corners**, a **thin channel**, and **two screws**. |
| (6) Light surrounded by **frame with faceted, protruding corners**. | (6) Light surrounded by rectangular **frame with rounded corners**. |
| (7) **No holes or recesses around frame**. | (7) **Oval recesses** extend along the perimeter of frame. |



| D'743 Design | Work Light 360 |
|---|---|
| Dkt. 1-2, Complaint Exh. B, Fig. 12. | Dkt. 1-7, Complaint Exh. G at 9. |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QVC, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS IN CASE NO. 5:22-cv-02015-MSC-RAO

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

The light housing of the claimed design and the light housing of the Work Light 360 are also substantially different when viewed from the rear.   The photograph below of the Work Light 360 is submitted herewith in Exhibit B.[5]

| **D'743 Design** | **Work Light 360** |
| --- | --- |
| (8) Symmetrical, **raised bumpers** each with sharply **angled corners**, two **wide recesses**, and **one screw** in the center. | (8) Asymmetrical, **flush bumpers** each with **rounded corners**, one **thin channel**, and **two screws**. |
| (9) **One screw** in the center on the outer edge of the light housing. | (9) **No screw** in the center on the outer edge of the light housing. |
| (10) A **notch** on battery compartment release. | (10) **No notch** on battery compartment release. |



[5] Photographic images of the Work Light 360 are submitted herewith in Exhibit B to the Declaration of Brian J. Doyle.  Defendant respectfully requests that the Court take judicial notice of the photographic images in Exhibit B.

| D'743 Design | Work Light 360 |
|---|---|
| Dkt. 1-2, Complaint Exh. B, Fig. 2. | Exhibit B |

Moreover, when viewed from the top, more substantial differences between the D'743 Design and the Work Light 360 are apparent.

| D'743 Design | Work Light 360 |
|---|---|
| (11) **Thick handle**. | (11) **Thin handle**. |
| (12) **Light housing mostly obscured by handle**. | (12) **Light housing not obscured by handle**. |
| (13) **Power symbol** on power button. | (13) **No power symbol** on power button. |



| Dkt. 1-2, Complaint Exh. B, Fig. 5. | Exhibit A. |
|---|---|

**2. When Viewed Against the Prior Art, the Differences Between the Work Light 360 Does D'743 Design Are Even More Significant.**

The claimed D'743 design is more similar to the prior art design ("You")

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

seen in the table below than to the Work Light 360.[6]  For example, whereas both the D'743 design and You have a faceted frame with no recesses around the center light, the frame in the Work Light 360 is not faceted and has a pattern of oval recesses.  And, whereas the D'743 design and You have short bumpers that wrap fully around the corner of the handles, the Work Light 360 has long grips that wrap partially around the corners. In view of these and other similarities between the D'473 design and You, the differences between the D'743 design and the Work Light 360 described above are likely to be important to the ordinary observer.  *See Egyptian Goddess*, 543 F.3d at 676.

| D'743 Design | U.S. Patent Publication No. 2019/0353332 to You |
|---|---|
| (Dkt. 1-3, Figs. 12, 2) | (Exhibit E) |





---

[6] U.S. Patent Publication No. 2019/0353332 to You ("You") claims priority to a foreign application filed on May 21, 2018.  This date is before the filing date of the D'743 Patent on Oct. 2, 2018.  Thus, You is prior art to the D'743 Patent.  *See* 35 U.S.C. § 102(a)(2); MPEP 2152.01.

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

| **D'743 Design** | **U.S. Patent Publication No. 2019/0353332 to You** |
|---|---|
| (Dkt. 1-3, Figs. 12, 2) | (Exhibit E) |





Thus, in view of the overall difference between the D'743 design and the Work Light 360, it is implausible that an ordinary observer who is informed by the prior art would conclude that the Work Light 360 is the "same as" the D'743 design.

## V.   CONCLUSION

For the foregoing reasons, respectfully requests the Court dismiss Count II and Count III of the Complaint with prejudice.

Dated this 13th day of March, 2023

Respectfully Submitted,

By:   /s/ *Brian J. Doyle*

John Zaccaria (NYS Bar No. 2659241)
(*Admitted Pro Hac Vice*)
jzaccaria@notaromichalos.com
Brian J. Doyle (NYS Bar No. 4597449)
(*Admitted Pro Hac Vice*)

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

brian.doyle@notaromichalos.com
NOTARO, MICHALOS &
ZACCARIA P.C.
100 Dutch Hill Road, Suite 240
Orangeburg, NY 10962
Tel. (845) 359-7700
Fax. (845) 359-7798

John K. Rubiner (155208)
JRubiner@fmglaw.com
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, Suite 2200
Los Angeles, CA 90071-2631
Tel. (213) 615-7000
Fax. (213) 615-7100

Attorneys for Defendant QVC, INC.

FREEMAN MATHIS & GARY, LLP
A Professional Corporation
Los Angeles

**FREEMAN MATHIS & GARY, LLP**
A Professional Corporation
Los Angeles

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, I served and electronically filed the "MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS" with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Alan C. Chen, Esq. -  alan.chen@rimonlaw.com

_____

/s/ *John K Rubiner*_____
John K. Rubiner (155208)
FREEMAN MATHIS & GARY, LLP
Attorney for Defendant QVC, INC.
550 South Hope Street, Suite 2200
Los Angeles, CA 90071-2631

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QVC, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS IN CASE NO. 5:22-cv-02015-MSC-RAO